**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

**BOBBY SUNDAY,**

**Plaintiff,**

**v.**

**NUECES COUNTY JAIL,**

**Defendant.**

**Case No. 26-CV-173-JFH-DES**

## OPINION AND ORDER

Plaintiff Bobby Sunday ("Plaintiff"), a pretrial detainee appearing pro se, initiated this federal civil rights action pursuant to 42 U.S.C. § 1983 on May 21, 2026, alleging violations of his constitutional rights. Dkt. No. 1. For the following reasons, the Court finds this action should be dismissed.

### I. Failure to Comply with a Court Order

On August 26, 2026, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* with leave to amend on the basis that Plaintiff "failed to include the Required Certification and Statement of Institutional Accounts (page 3) or the required account statement for the six-month period preceding the filing of the Complaint." Dkt. No. 4 at 2. The Court explained that, pursuant to 28 U.S.C. § 1915(a)(2), he must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the [six]-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." *Id.* at 1-2. The Court directed Plaintiff to either pay the filing and administrative fees or "file a properly supported amended motion for leave to proceed *in forma pauperis*, including . . . a trust fund account statement for the six-month period immediately preceding the filing of the Complaint," within twenty-one (21) days. *Id.*at 2. The Court advised Plaintiff that failure to comply with the Court's Order would result in the dismissal of the action. *Id.* at 2.

On September 10, 2026, Plaintiff filed an amended motion for leave to proceed *in forma pauperis*, which included the Required Certification and Statement of Institutional Accounts but not a certified copy of his six-month account statement. Dkt. No. 5. Plaintiff's motion contains no explanation for this failure.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with . . . a court order," the Court may dismiss the action. Fed. R. Civ. P. 41(b). "[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" when entering the dismissal order. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If, however, a dismissal is with prejudice or would have "the practical effect of a dismissal with prejudice" due to the expiration of the applicable statute of limitations, the Court must consider certain criteria before dismissing the action. *Id.*

As discussed below, it appears from the face of the Complaint that the statute of limitations already had expired at the time Plaintiff filed his Complaint. Accordingly, the Court has considered the pertinent factors for a Rule 41(b) dismissal with prejudice, as articulated in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). These factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (ellipsis, citations, and internal quotation marks omitted).

The Court finds these factors weigh substantially in favor of dismissal. The Court warned Plaintiff that the failure to submit an amended motion containing the six-month account statement

would result in dismissal of the action, there is no indication that Plaintiff's failure to comply with the Court's order was unintentional or involuntary, and Plaintiff's failure to comply with the Court's order interferes with the judicial process, as actions may not proceed until the requisite fees are paid or the plaintiffs properly support their requests for *in forma pauperis* status. Further, because it appears Plaintiff is unable to pay the $405 filing and administrative fees, *see* Dkt. No. 5, at 3, and the Complaint also is subject to dismissal for untimeliness, the Court determines no lesser sanction would prove efficacious.

**II. Improper Venue**

As part of the Court's screening obligations under 28 U.S.C. § 1915A(a), the Court may *sua sponte* consider venue "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (discussing a district court's review *sua sponte* for venue under 28 U.S.C. § 1915) (internal quotation marks omitted); *see also Ballard v. Anderson*, 859 F. App'x 338, 338-39 (10th Cir. 2021)[1] (affirming a district court's consideration of venue with § 1915A screening). Pursuant to 28 U.S.C. § 1391, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1), (2). If an action is brought in an improper venue, the district court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

[1] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Plaintiff names Nueces County Jail as the sole defendant in this action, and the events giving rise to Plaintiff's claims, as alleged, occurred exclusively at Nueces County Jail. Nueces County Jail is located in Texas, and is not within the territorial jurisdiction of this Court. Thus, venue is improper under 28 U.S.C. § 1391.

Having concluded venue is improper, the Court must consider whether this action should be transferred, rather than dismissed. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "[A] court is authorized [first] to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir. 2000) (*quoting Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).

The Court finds that it is not in the interest of justice to transfer this matter for two reasons. First, the Complaint is subject to dismissal because the sole defendant, Nueces County Jail, "as a department of Nueces County, does not enjoy a separate legal existence from the county, and as such, is not a proper party." *Moreno v. Nueces County Jail*, C.A. No. C-13-011, 2013 WL 1389971, at *2 (S.D. Tex. April 3, 2013); *see Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (citing general rule that "governmental sub-units are not separate suable entities that may be sued under § 1983"). Second, Plaintiff's claims are untimely. "The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose." *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (citation omitted). As with Oklahoma, the limitations period in Texas is two years. *See Piotrowski v. City of Houston*, 237 F.3d 567, 567 (5th Cir. 2001). Plaintiff alleges that he was "tased and beat[en]" when he was

"book[ed] in" to Nueces County Jail "in the begin[n]ing [of] 2023" and that, when he woke up the following day, he "was in a smock and . . . had gone without food [until] then." Dkt. No. 1 at 5. Based on these allegations, Plaintiff would have known of the facts supporting his claims as they arose in early 2023. Plaintiff, however, did not initiate the action until May 21, 2026. *See id.* at 8. Thus, the claims are subject to dismissal based on the statute of limitations.

For these reasons, the Court concludes Plaintiff's Complaint is "clearly doomed" and it is not in the interest of justice to transfer this matter to the proper venue. *In re Cline*, 531 F. 3d 1249, 1252 (10th Cir. 2012) ("[I]t is a waste of judicial resources to require the transfer of frivolous, time-barred cases." (internal quotations and citations omitted)).

**III. Conclusion**

Accordingly, the Court finds this matter should be dismissed for failure to comply with a Court order and/or for improper venue.

IT IS THEREFORE ORDERED that this action is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court order and/or pursuant to 28 U.S.C. § 1406(a) for improper venue. Plaintiff's Amended Motion for Leave to Proceed *in Forma Pauperis* [Dkt. No. 5] is DENIED as moot. A separate judgment of dismissal shall be entered in this matter.

Dated this 6th day of October, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE